UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZULMA A. OCHOA,<br><br>        Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | Case No. CV 05-429-JTL<br><br>MEMORANDUM OPINION AND ORDER |

**PROCEEDINGS**

On January 24, 2005, Zulma A. Ochoa ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of her application for supplemental security income benefits. On February 25, 2005, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on July 22, 2005, defendant filed an Answer to Complaint. On December 2, 2005, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///
///
///

**BACKGROUND**

On May 21, 2003, plaintiff filed an application for supplemental security income benefits. (Administrative Record ["AR"] at 56-58). Plaintiff claimed that, beginning on March 1, 1989, her seizure disorder and side effects from medication prevented her from working. (AR at 68). The Commissioner denied plaintiff's application for benefits initially and upon reconsideration. (AR at 44-47, 40-43). Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 48). On June 10, 2004, the ALJ conducted a hearing in Pasadena, California. (AR at 366-93). Plaintiff appeared at the hearing without counsel and testified. (AR at 369-87). Scott Simon, a vocational expert, also testified. (AR at 387-92).

On June 25, 2004, the ALJ issued his decision denying benefits. (AR at 18-21). Therein, he concluded that plaintiff suffered from a severe impairment of seizures, but that this impairment did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (AR at 18). The ALJ also determined that plaintiff maintained the residual functional capacity to perform her past work as a hostess and cashier. (AR at 20). Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act. (Id.).

On August 23, 2004, plaintiff timely filed a request for review of the ALJ's decision with the Appeals Council. (AR at 10). On December 11, 2004, the Appeals Council affirmed the ALJ's decision. (AR at 5-7).

///
///
///

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following contentions in her Joint Stipulation:

1. The ALJ failed to properly and adequately advise plaintiff of her right to counsel.

2. The ALJ erred in determining that plaintiff could return to her past relevant work as a hostess and cashier.

3. ALJ failed to properly consider plaintiff's combination of impairments.

4. New and material evidence should now be considered.

**STANDARD OF REVIEW**

This Court reviews the Commissioner's decision under 42 U.S.C. § 405(g) to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

**DISCUSSION**

**I.   ALJ'S ADVICE TO PLAINTIFF OF HER RIGHT TO COUNSEL**

Plaintiff contends that she was inadequately advised of her right to counsel at the hearing and was consequently prejudiced by not having an attorney. At the hearing, the ALJ noted that plaintiff did not have counsel or some representation present. (AR at 368). The ALJ told plaintiff that she had the right have someone represent her. (Id.). Plaintiff responded that she did not want representation. (Id.).

Plaintiff now claims that this exchange did not constitute a valid waiver of her right to counsel. Furthermore, she asserts that her lack of counsel prejudiced her in two ways. First, the ALJ inadequately questioned her and developed the record with respect to her past relevant work and whether she had performed any substantial gainful activity. Second, plaintiff faults the ALJ for failing to develop testimony of the vocational expert about whether plaintiff could work given her low I.Q. and depressive disorder. Plaintiff contends that the record indicates that plaintiff was "totally incapable of understanding or questioning the vocational expert." (Joint Stip. at 12). Overall, plaintiff claims that the ALJ failed to adequately develop the record and fairly conduct the hearing as required for an unrepresented claimant with mental impairments.

Defendant argues that plaintiff validly waived her right to counsel and that the ALJ properly conducted a hearing. Prior to the hearing, plaintiff was repeatedly informed that she could obtain representation in written notices pertaining to her application. At the outset of the hearing, defendant alleges, the ALJ confirmed that plaintiff wanted to represent herself. Furthermore, defendant

1  contends that the ALJ probed into and inquired of all relevant facts
2  and circumstances, including her past work, medical problems and
3  treatment, her impressions of her abilities to sustain work, the types
4  of other work that interested her, her drug use, her prior school
5  attendance and desire to return to school, and her language abilities.
6  (Joint Stip. at 18).  Furthermore, the ALJ solicited the opinion of a
7  vocational expert to assess plaintiff's abilities.   As discussed
8  below, the Court disagrees.

9      "Lack of counsel does not affect the validity of the hearing and
10 hence warrant remand, unless the claimant can demonstrate prejudice or
11 unfairness in the administrative proceedings."  Vidal v. Harris, 637
12 F.2d 710, 714 (9th Cir. 1981).  Thus, "the issue is not whether the
13 right to representation was knowingly waived, rather, it is whether,
14 in the absence of representation, the administrative law judge met the
15 heavy burden imposed by Cox."  See id.  In Cox v. Califano, 587 F.2d
16 988, 991 (9th Cir. 1978), the Ninth Circuit held that where a claimant
17 is not represented by counsel, "it is incumbent upon the ALJ to
18 scrupulously and conscientiously probe into, inquire of, and search
19 for all the relevant facts."  Cox, 587 F.2d at 991 (internal quotation
20 omitted); Higbee v. Sullivan, 975 F.2d 558, 561 (9th Cir. 1992).  In
21 such a situation, the ALJ "must be especially diligent in ensuring
22 that favorable as well as unfavorable facts and circumstances are
23 elicited."  See id. (internal quotation omitted).

24     At the beginning of the hearing, the following exchange occurred:
25     ALJ:      I see that you are here without a representative.
26     PLAINTIFF:    Yes.
27     ALJ:      By the term representative I mean either a lawyer.  You
28               may have seen the people walk out of here at the prior

|    |      |                                                                                   |
|----|------|-----------------------------------------------------------------------------------|
| 1  |      | hearing.                                                                          |
| 2  | PL:  | Uh-huh.                                                                           |
| 3  | ALJ: | That claimant had a lawyer.  But you don't have to have a lawyer you can have a paralegal, someone who is not a lawyer represent you.  Or you can represent yourself, without, have no representative.  The choice is up to you.  You can have somebody if you want.  If you don't want that, fine. |
| 9  | PL:  | No, I just, there's too much change.                                              |
| 10 | ALJ: | You don't want a representative?                                                  |
| 11 | PL:  | No.                                                                               |

(AR at 368).

The ALJ failed to discharge his duty to scrupulously and conscientiously inquire into, and explore all the relevant facts. The Social Security Administration assigns an ALJ a duty to fully and fairly develop the record to assure that claimant's interests are considered. See DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991). The ALJ's duty is heightened where the claimant's ability to protect his or her interests may be adversely affected by a mental impairment. Bousquet v. Apfel, 118 F. Supp. 2d 1049, 1056 (C.D. Cal. 2000) ("The ALJ's duty to develop the record is heightened when a claimant's ability to protect his or her interests is adversely affected by a mental impairment."); DeLorme, 924 F.2d at 849 ("In cases of mental impairments, this duty is especially important.") (citations and internal quotations omitted).

The Court finds that the ALJ failed to fairly develop the record to assure that plaintiff's interests were considered. See DeLorme, 924 F.2d at 849. Upon review of the transcript of the hearing,

6

plaintiff appeared confused and at times incoherent. At the hearing held on June 10, 2004, plaintiff did not remember where she was working in the year 2002 or if she earned any income. (AR at 370). When asked about her prior work as a receptionist, which she listed in an earlier application, plaintiff replied, "Sometimes I would just, you know, make it up, you know, because that's what I want to be, you know, work on computers and -- ." (AR at 381). Often times, plaintiff's response to the ALJ's inquiries regarding her past relevant work were incoherent. When asked about how long she was employed at a school, plaintiff replied, "[I]t's not long ago because like, like a lot of police got there and they wanted (INAUDIBLE) for my boss. Even my daughter was there and the hidden cameras, arms and pistols." (AR at 373). When asked whether she earned any income in 2002, plaintiff replied, "Not that I remember. I was working, like I said, because I was like years way back, you know, that I started working at the school was voluntary. I was going to school in Ontario, business office administration, but that was 1989, 1999, something like that, but quit because the computer was -- " (AR at 370). Plaintiff appeared to have difficulty responding to even the most direct questions:

> PL:  I just went to see a doctor yesterday and she told me everything came up (INAUDIBLE) on the, yeast infection, but I checked my HIV and everything.
> ALJ: Okay. And what do you mean you check your HIV?
> PL:  Yeah, I just wanted to check everything on and off.
> ALJ: To see if you have, you check to see if you have it?
> PL:  Everything, yeah.
> ALJ: And she said you don't' [sic] have it.

7

|   |   |   |
|---|---|---|
| PL: | I think it was my pap smear, you know, everything comes out – |
| ALJ: | Everything came out all right, all right?  You still taking Tegretol? |
| PL: | Yes I am. |

(AR at 377).  The ALJ appeared to have difficulty keeping plaintiff focused on the questions.[1]  At one point, plaintiff directly informed the ALJ, "I don't really understand what you were saying here."  (AR at 392).  Given the confused and incoherent response of plaintiff, the Court finds that the ALJ could not adequately develop the record with respect to plaintiff's past relevant work.

Furthermore, plaintiff's medical records indicate that she suffers from mental illness that might affect her ability to comprehend a waiver and adequately represent herself at the hearing. In a report dated March 8, 2002, Steven I. Brawer, Ph.D., performed a Psychological Evaluation on plaintiff in connection with a prior disability application.  (AR at 216-23).  Dr. Brawer noted that plaintiff's I.Q. score placed her intellectual functioning in the mentally retarded range.  (AR at 220).  David Bedrin, M.D., performed a Complete Psychiatric Evaluation on plaintiff on August 5, 2003 and diagnosed her with major depressive disorder and suffering from severe psychosocial stressors.  (AR at 327).  Plaintiff's medical records also indicated that she suffered from depression.  (AR at 316, 317, 319).  Thus, plaintiff's medical records indicate that she suffers from various mental deficiencies that may have impaired her ability to

---

[1] In response to a non-coherent answers, the ALJ interjected, "Let's go about it, let's go about it a different way" and "Stay with me on my questions... otherwise it gets confusing."  (AR at 370, 374)

waive her right to counsel and represent herself. Given plaintiff's lack of ability to comprehend the ALJ's questions, much less formulate her own case for disability benefits, the Court finds that plaintiff suffered prejudice from her lack of counsel at the hearing.

Finally, the Court finds specific instances where the ALJ failed in his duty to scrupulously and conscientiously inquire into, and explore all the relevant facts. At the hearing, Mr. Simon testified that plaintiff could perform the work of a cashier and a restaurant hostess. (AR at 389). The ALJ further asked Mr. Simon whether there were positions, other than a hostess or cashier, that she could perform given her seizures. (AR at 390). Mr. Simon responded that plaintiff could work as a sorter. (Id.). Mr. Simon also noted that he was not able to reconcile the psychological testing results, indicating a low I.Q. score, with plaintiff's actual work performance, which appeared to be more intellectually demanding. (AR at 391). In response to Mr. Simon's concern, the record then reflects the following exchange:

> ALJ: Yeah, the doctor does note at the end of that paragraph [regarding the low I.Q. score] that her scores may have been lower due to depressive symptoms. She may have been having a bad day that day.
>
> VOCATIONAL EXPERT: That makes sense.

(AR at 391). Rather than probing into the discrepancy or questioning Mr. Simon further, the ALJ simply appeared to give the expert a plausible explanation for the discrepancy. The Court finds that the aforementioned exchange between the ALJ and Mr. Simon represents a failure on the part of the ALJ to conscientiously examine the discrepancy and to diligently ensure that favorable as well as

unfavorable facts and circumstances were elicited.  As a result, the ALJ failed to comply with the heavy burden imposed by Cox and plaintiff suffered prejudice.

**II.    REMAND IS REQUIRED TO REMEDY DEFECTS IN THE ALJ'S DECISION**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court.  McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully.  McAlister, 888 F.2d at 603; Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989); Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990).  An award of benefits is appropriate where no useful purpose would be served by further administrative proceedings, see Gamble v. Chater, 68 F.3d 319, 322-23 (9th Cir. 1995), where the record has been fully developed, see Schneider v. Commissioner of the Social Security Administration, 223 F.3d 968, 976 (9th Cir. 2000); Ramirez v. Shalala, 8 F.3d 1449, 1455 (9th Cir. 1993), or where remand would unnecessarily delay the receipt of benefits.  See Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).

In this case, the Court finds remand appropriate.  On remand, the ALJ must fully and adequately advise plaintiff of her right to counsel.  The ALJ must also develop the record with respect to plaintiff's ability to sustain employment.  Once the ALJ has done so, he must determine whether plaintiff's severe impairments, either alone or in combination, meet or equal a Listed Impairment.  Finally, if necessary, the ALJ must determine whether plaintiff's impairments

preclude her from performing substantial gainful activity.[2]

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS this action for further administrative proceedings consistent with this Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED: March 31, 2006

                                                              /s/
                                                      JENNIFER T. LUM
                                                      UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff lists other claims of error in the ALJ's decision, namely whether the ALJ erred in determining that plaintiff could return to her past relevant work as a hostess and cashier, whether the ALJ failed to properly consider plaintiff's combination of impairments, and whether new and material evidence should now be considered. As explained above, the ALJ erred in failing to adequately inform plaintiff of her right to counsel and to fully develop the record. Moreover, the ALJ should consider plaintiff's remaining arguments when determining the merits of plaintiff's case on remand.